NOTE CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK BASKIN; RICHARD BARRETT; MICHAEL CLINITE; ALEC FLATOS; SAMUEL RAY FOX, II; STEVEN GONZALEZ; ARMANDO GUTIERREZ; MICHAEL HARRIS; NICHOLAS HOOVER; JOHN KING; MICHAEL KING; JODY LARSON; GREGORY ANDREW LOGAN; JOHN MACDONALD; DAVID MARSHALL; JOHN RYAN MASON JARL NERDRUM; DAVID PARKER; DEVIN REISS; DAVID RENNER; SHAYNE SKOVE; MARK L. VASQUEZ; NATHAN WILLIAMS; JAMES WITT,<br><br>        Plaintiffs,<br><br>vs.<br><br>CITY OF SAN LUIS OBISPO, a California Municipality,<br><br>        Defendant. | CASE NO.: 2-16-cv-08876 DSF (JPRx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Magistrate:   Hon. Jean P. Rosenbluth<br><br>NOTE CHANGES MADE BY THE COURT |
NOTE CHANGES MADE BY THE COURT

[PROPOSED] STIPULATED PROTECTIVE ORDER

16-cv-08876

IT IS HEREBY STIPULATED by and between the parties to the above-captioned action, Plaintiffs and Defendant City of San Luis Obispo ("City") (together, "the Parties") by and through their respective counsel of record, that in order to facilitate the exchange of information and documents that may be subject to limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. In connection with discovery proceedings in this action, the Parties may designate any document, thing, material, testimony, or other information derived therefrom as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information that is not public, and constitutes personal and confidential personnel records maintained by the City, that are protected by the right of privacy and/or the California Firefighters Procedural Bill of Rights Act, including but not limited to identifying information and/or other information concerning third parties (including third party employees), or other protected, private, and/or personal information disclosed in this action.

2. By designating a document, thing, material, testimony, or other information derived therefrom as "Confidential" under the terms of this Order, the party or attorney for the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation. Documents shall be so designated by stamping each confidential page of the document produced to a party with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

3. Testimony taken at a deposition may be designated as "Confidential" by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately.
1                                                            16-cv-08876
[PROPOSED] STIPULATED PROTECTIVE ORDER

4. Unless otherwise ordered by the Court, information designated as "Confidential" pursuant to this Order may only be given, shown, disclosed, made available, or communicated to:
   a. a party, or an official, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;
   b. counsel of record for the Parties to this litigation, including their associates, clerks, paralegals, secretaries, and employees;
   c. experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action, subject to paragraph 5 below;
   d. any mediators or settlement officers involved in this action;
   e. the court, court reporters, or other court personnel who must deal with such documents and information in connection with this litigation;
   f. any non-party deponent in this action, provided that the confidential material may only be made available during the deposition, subject to paragraph 5 below; and
   g. any other person as to whom the parties in writing agree in advance of any confidential information being shared, subject to paragraph 5 below.

5. Prior to receiving any material designated as "Confidential," the persons described in sections c, f, & g, above, shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A hereto. Any such disclosure shall be only for the purposes of the prosecution, defense, or settlement of this action, and for no other purpose.

6. Only persons described in sections a-g above, and subject to paragraph 5 above, may be present at a deposition taken by counsel for a party to this action if

confidential material is to be disclosed during the deposition.

7. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate.

8. To the extent reasonably possible, the Parties agree to redact any confidential, protected, personal, private personnel information, including any portion of a deposition transcript designated as confidential, from any documents filed with the Court in this litigation. Otherwise, if confidential material is included in any papers to be filed with the Court, such papers shall be labeled "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER and filed in conformance with Local Rule 79-5."

9. For information produced in some form other than documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the designating party must affix in a prominent place on the exterior of the container or containers in which the information or items is stored the legend "Confidential." If only portions of the information or item warrant protection, the designating party, to the extent practicable, shall identify the "Confidential" portions.

10. In the event that any Confidential material is used in this action, it shall not lose its Confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11. This Order shall be without prejudice to the right of the Parties (i) to bring before the Court at any time consistent with the Court's scheduling order the question of whether any particular document or information is Confidential or whether its use should be restricted, or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. In the event of a challenge, the Parties agree that it is the designating party's burden to demonstrate that a particular

item should be deemed Confidential. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order. Any motion filed under this paragraph must comply with Local Rule 37.

12. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party of or altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13. The agreement of the parties embodied in this Protective Order does not constitute an admission or agreement that any documents or information is subject to discovery, or is admissible as evidence, in this case. Designation of any information as subject to this Protective Order shall have no meaning or effect whatsoever with respect to the substantive issues in this proceeding or the claims or defenses of any party hereto.

14. By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Protective Order shall not be construed as a waiver of the right to assert any objection to a discovery request or any objection to the admissibility of any document or evidence.

15. The Parties incorporate into this Order the Court's Standing Order, § 6 and Local Rule 79-5. The Parties acknowledge that the existence of this Order does not alone justify the filing of pleading or other documents under seal, in whole or in part. The Parties will comply with the Court's Standing Order and Local Rule 79-5

4   16-cv-08876
[PROPOSED] STIPULATED PROTECTIVE ORDER

in their entirety when planning to file a Confidential document with the Court that the Party believes must be filed under seal.

16. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the Parties shall assemble and return to each other all originals and copies of all documents, material, and deposition transcripts designated as Confidential by the other party and copies of same, or shall certify in writing that all Confidential material has been destroyed.

17. No person, firm, corporation or other entity subject to this Protective Order shall use Confidential information subject to this Protective Order in any manner whatsoever except for use in this litigation, including but not limited to discovery, deposition(s), hearing(s), trial(s) or appeal(s) of the above-entitled action or preparation for discovery, deposition(s), hearing(s), trial(s) or appeal(s) of the above-entitled action. Confidential information shall not be utilized in any other civil, criminal, or administrative proceeding, or be released to the media absent court order.

18. No person, firm, corporation or other entity subject to this Protective Order shall give, show, disclose, make available or communicate Confidential information to any person, firm, corporation, the media, or other entity not expressly authorized by this Protective Order to receive such Confidential information unless a court so orders.

**SO STIPULATED.**

```
 1  Dated: June 27, 2017                    Respectfully submitted,
 2
                                            LIEBERT CASSIDY WHITMORE
 3
 4
                                     By:    s/ Lisa S. Charbonneau
 5                                          Morin I. Jacob
                                            Richard C. Bolanos
 6                                          Lisa S. Charbonneau

 7                                          Attorneys for Defendant City of San
                                            Luis Obispo
 8
 9
    Dated: June 27, 2017                    Respectfully submitted,
10
                                            HAYES & ORTEGA, LLP
11
12
                                     By:    s/ Tracy J. Jones
13                                          Dennis J. Hayes
                                            Tracy J. Jones
14
                                            Attorneys for Plaintiffs
15
```

# ATTACHMENT A TO STIPULATED PROTECTIVE ORDER
## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I have received and am fully familiar with the terms of the Stipulated Protective Order entered in the case of *Baskin v. City of San Luis Obispo* – Case No. 2-16-cv-08876 DSF (JPRx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing said Order.

DATED: _____     _____

## ORDER

**APPROVED AND SO ORDERED:**

Dated: June 30, 2017

_____
Honorable Jean P. Rosenbluth
UNITED STATES MAGISTRATE JUDGE